William Arthur McKinley JONES, Jr., Appellant,

v.

J. S. PETROVSKY, Warden, F. C. I., Sandstone, Minnesota, Appellee.

No. 80–1330.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1980.

Decided Oct. 21, 1980.

William Arthur McKinley Jones, Jr., pro se.

Thomas K. Berg, U. S. Atty., James A. Morrow, Asst. U. S. Atty., D. of Minnesota, Minneapolis, Minn., Elizabeth L. De La Vega, Legal Intern, for appellee.

Before ROSS, HENLEY and McMILLI-AN, Circuit Judges.

PER CURIAM.

William Arthur McKinley Jones, Jr., appeals from the district court's dismissal of his petition brought under 28 U.S.C. § 2254. We affirm the judgment of the district court for the reasons stated below.

Jones is an inmate at the Federal Correctional Institution in Sandstone, Minnesota, where he is serving a nine year sentence and a four year sentence, consecutively, pursuant to two convictions by the State of Delaware. He is a state prisoner but is incarcerated at Sandstone pursuant to an agreement between the federal government and the State of Delaware.[1]

Jones pled guilty to two state charges pursuant to two separate plea agreements with the State of Delaware. In his petition, which names the Warden of the Federal Correctional Institution at Sandstone, Minnesota, as respondent, Jones attacks the convictions and the consecutive sentences, alleging specifically that the Delaware court ignored the terms of the plea agreements at sentencing.[2]

This is Jones' third petition under § 2254. Jones first appealed his convictions to the Supreme Court of Delaware. That court affirmed both convictions. He then filed a § 2254 motion in the United States District Court for the District of Delaware naming the head of the Delaware prison system as respondent. Jones based that application on three grounds:

1) that he was sentenced to a greater number of years than provided for in the plea agreement;

2) the trial judge abused his discretion in failing to allow Jones to revoke his guilty plea;

3) denial of effective assistance of counsel.

The Delaware district judge dismissed Jones' first claim, finding that it was not supported by the transcript of the sentencing proceedings and that no guarantees were made as to sentences. He dismissed the second claim on the ground that there existed no absolute right to have a guilty plea accepted, and the third for a failure to exhaust state remedies.[3]

Jones returned to Delaware Superior Court to seek post–conviction relief. According to the information contained in his present § 2254 application he relied on the same allegations as he did in his first § 2254 petition. That petition was denied in August 1978.[4]

He filed a second § 2254 petition in the United States District Court for the District of Minnesota, again naming the Delaware warden as respondent, and alleging a violation of the plea agreements. In a memorandum order dated August 21, 1979, the district judge dismissed Jones' petition for lack of jurisdiction over the respondent. Jones did not appeal.

In the § 2254 petition in this case he alleges that his due process rights were

---

1. On completion of the state sentences Jones will serve a five year sentence pursuant to a conviction in United States District Court for the District of Delaware for interstate transportation of stolen checks.

2. Jones' argument focuses upon two agreements between himself and Delaware officials. The first, dated June 30, 1976, provided that the state would recommend a total sentence of no more than ten years and that any sentence be made concurrent with any other sentences to be imposed. The agreement of November 8, 1976, provided that Jones would be permitted to serve his sentence outside of the State of Delaware and that the state would *not* recommend that any sentence be made concurrent.

3. In his present § 2254 application Jones cited a failure to exhaust state remedies as the reason for his failure to appeal even though that was a basis for dismissal *only* as to the third claim.

4. Jones' current § 2254 application gives no reason for dismissal by the Superior Court of Delaware.

violated because the sentencing court "ignored" the aforementioned plea agreements. The district court judge dismissed Jones' petition on the merits.[5]

Jones' petition fails to state a cause of action under § 2254. The point of his allegations is that the sentencing judge did not abide by the terms of the plea agreement. However, his reliance on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), is misplaced. In *Santobello* the Supreme Court held that where a promise or agreement is made by a prosecutor to a defendant as an inducement to plead guilty, that promise must be fulfilled. *Id.* at 262, 92 S.Ct. at 499. That obligation is binding only on the prosecutor. Nothing in *Santobello* requires that a court adhere to the terms of a plea agreement.[6] Even had Jones succeeded in stating a cause of action cognizable under § 2254 we would be compelled to affirm the district court's dismissal on the ground that this is a successive petition. Rule 9(b) of the rules governing § 2254 states:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits  *  *  *.

Jones bases this petition on one of the grounds included and adjudicated in the original § 2254 petition. Though couched in different language, in each petition the idea is the same; that his sentences must comply with the terms of the plea agreements. It is clear that the original determination by the Delaware district court was on the merits and that the judge there had ample opportunity to review transcripts of the state court proceedings. *See Hill v. Wyrick*, 570 F.2d 748, 750 (8th Cir. 1978); *Irwin*

*v. Wolff*, 529 F.2d 1119, 1122 n.10 (8th Cir. 1976); *Winford v. Swenson*, 517 F.2d 1114, 1118 n.7 (8th Cir.), *cert. denied*, 423 U.S. 1023, 96 S.Ct. 464, 46 L.Ed.2d 396 (1975).

Accordingly, we affirm the judgment of the district court.

---

5. The United States Magistrate recommended in a report dated January 4, 1980, that the government's motion to transfer the petition to the District of Delaware pursuant to 28 U.S.C. § 1404 be granted. However, Jones objected to the transfer and the government moved to vacate the request for transfer and requested a determination on the merits. The district court granted the motion and vacated the magistrate's report and recommendation.

6. Judge McMillian is of the opinion that when a prosecutor has agreed to make a recommendation and the court does not intend to follow the prosecutor's recommendation, fairness dictates that the defendant be given an opportunity to withdraw his guilty plea. *See Santobello v. New York*, 404 U.S. 257, 267–69, 92 S.Ct. 495, 501–02, 30 L.Ed.2d 427 (1971) (Marshall, J., concurring in part and dissenting in part).