United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3872WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Western District |
| Jose Jesus Varela, | * | of Missouri. |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 15, 1998
Filed: March 16, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, HANSEN and MURPHY, Circuit
Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

In this case, Jose Jesus Varela appeals the sentence imposed by the District
Court[1] following his guilty plea for drug-related crimes. Varela argues that the District

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western
District of Missouri.

Court incorrectly calculated his base offense level for purposes of the federal Sentencing Guidelines. We affirm.

## I.

Varela pleaded guilty to both counts of a two-count indictment: conspiracy to possess with intent to distribute five kilograms or more of cocaine and attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (1994).

Varela described his participation in the conspiracy that led to his arrest. In December 1995, Varela met his cousin, Loreto Romero, in a hotel room in North Kansas City. Romero had fronted cocaine to Don Flores, who sold the cocaine to buyers and then paid Romero for the cocaine. In the hotel room, Romero told Varela that he was dissatisfied with the time it took for Flores to find buyers and asked Varela to "start finding buyers . . . for cocaine and stuff like that." Varela Plea Tr. at 14. Varela and Romero also discussed the process of smuggling cocaine from California to Kansas City. Varela then left the hotel room. A month later, on the evening of January 19, 1996, Varela's brother, Erasmo Garcia Lajam, asked Varela to drive him to the airport in Kansas City to pick up Romero and Donald Baxter, Romero's partner. Varela agreed. Afterward, Varela, Lajam, Romero, and Baxter went out to a restaurant and bar and began drinking. Over the course of the evening, Varela learned that the other three planned to meet a courier named Edgard Duarte at an Amtrak station early the next morning and pick up approximately 18 kilograms of cocaine. At one point, they asked Varela if he would procure buyers for the cocaine. Varela then asked a man in the bar if he wanted to buy cocaine, and the man agreed to buy two kilograms.

Although the four men did not know it, Duarte, the courier, had been arrested earlier that day on an Amtrak train in Albuquerque, New Mexico, and the 21.28 kilograms of cocaine he was transporting to Kansas City had been seized. Duarte

agreed to cooperate with the Drug Enforcement Agency in a controlled delivery of cocaine to Romero and Baxter. At 6:30 the next morning, Varela drove Romero, Lajam, and Baxter to the Amtrak station in Kansas City. Baxter went inside the station to meet the courier while the other three waited in Varela's car. Baxter was apprehended by DEA agents after he entered the station, and Lajam, Romero, and Varela were arrested in the parking lot.

At the guilty-plea hearing Varela told the court that although he did not intend to distribute all of the cocaine he and the other three men were to pick up at the Amtrak station, he knowingly joined a group that was going to sell five or more kilograms of cocaine. Varela explained that while he did not know exactly how much cocaine he, Baxter, Romero, and Lajam were to pick up at the train station, he knew that it was "about 18 kilos" and that "I thought 18 kilos wasn't that much, the way that they was talking." Varela Plea Tr. at 15, 21. At Varela's sentencing hearing, the District Court calculated a total offense level of 30 and a criminal history category of IV, for a Sentencing Guidelines range of 135 to 168 months. The Court then sentenced Varela to 135 months' imprisonment, to be followed by five years' supervised release, and a $100 special assessment. Varela Sentencing Tr. at 65, 69. The offense level of 30 was based on the District Court's finding that Varela was responsible for all 21 kilograms of cocaine seized from the drug courier on January 19. Id. at 51. Varela now appeals the calculation of his offense level, arguing that he should be responsible only for two kilograms of cocaine, and that the District Court failed to make adequate factual findings to support the sentence.

## II.

The sentence in this case is governed by U.S.S.G. § 1B1.3, having to do with "relevant conduct." In brief, the base offense level is determined on the basis of acts committed by the defendant himself, § 1B1.3(a)(1)(A), and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in

furtherance of the jointly undertaken criminal activity, § 1B1.3(a)(1)(B). In the present case, the District Court did not specifically refer to either subparagraph (A) or subparagraph (B) when holding Varela accountable for 21 kilograms of cocaine. It is, however, well established that we may affirm a sentence on any grounds supported by the record. See United States v. Strange, 102 F.3d 356, 360 n.4 (8th Cir. 1996). In the case of a conspiracy to transport and convey narcotics, all members of the conspiracy are directly accountable under subparagraph (A) for the quantity of drugs involved. Id. at 360-61. We therefore need not address the foreseeability requirement of subparagraph (B). Under the facts of this case, Varela is clearly responsible for the entire shipment.

At the hearing, Varela admitted that he had discussed selling drugs with Romero, and that he had asked a patron at the bar if he wanted to buy cocaine from Romero. Moreover, Varela said that on the night before he drove Romero, Lajam, and Baxter to the train station, he was fully aware of the purpose of the trip: "And we kept on drinking and everything, and by the time about 3 o'clock came, I already knew this whole situation, about 18 kilos stuff." Varela Plea Tr. at 15. Because Varela admitted that he knowingly entered into a conspiracy to possess cocaine, the District Court properly held him accountable for the full amount of cocaine that was to be obtained by him and by his co-conspirators. The evidence indicates that Varela expected that the shipment might well exceed 18 kilos, and in any event the difference between 18 and 21 is not material for Guidelines purposes.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-