UNITED STATES of America, Appellee,

v.

Jason Meilieure GARRETT, Also Known
as Ejay Johnson, Appellant.

No. 98–2264.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 19, 1998.

Decided Nov. 17, 1998.

Marsh J. Halberg, Edina, MN, argued, for
Appellant.

Susan Nolting, Assistant U.S. Attorney,
Minneapolis, MN, argued, for Appellee.

Before BOWMAN, Chief Judge, and
RICHARD S. ARNOLD and MORRIS
SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit
Judge.

Jason Garrett pleaded guilty to possession
of more than 30 grams of cocaine base with
the intent to distribute it, in violation of 21
U.S.C. § 841(a)(1); *see also* 21 U.S.C.
§ 841(b)(1)(B)(iii). The district court sen-
tenced him to imprisonment for ten years
and one month and to five years of super-
vised release. On appeal, Mr. Garrett ar-
gues that the district court erred in assessing
a firearm enhancement against him and in
determining the drug quantity relevant to
sentencing. We affirm the district court's
assessment of the firearm enhancement, but
remand for further proceedings on the quan-
tity determination.

█ We conclude that the district court
did not err in determining that a firearm
enhancement was proper. When police offi-
cers arrested Mr. Garrett at an apartment
where he was staying, they found a firearm
tucked in a couch where Mr. Garrett had
been sleeping, and found an ammunition clip
as well as cocaine base on Mr. Garrett's
person. Mr. Garrett pleaded guilty to pos-
sessing cocaine base with intent to distribute,
and he admitted that he possessed the fire-
arm. *See* U.S.S.G. § 2D1.1(b)(1) (providing
for two-level increase in defendant's offense
level "[i]f a dangerous weapon (including a
firearm) was possessed") and application
note 3 (explaining that enhancement applies

if weapon was present and it is not "clearly improbable that the weapon was connected with the offense"); *see also United States v. McCracken*, 110 F.3d 535, 541–42 (8th Cir. 1997) (affirming application of enhancement where drugs and firearms were found in defendants' residence).

■ We believe, however, that the district court erred in determining the amount of cocaine base attributable to Mr. Garrett. When the police officers arrested Mr. Garrett, they found 2.5 grams of cocaine base on a coffee table and 33 grams of cocaine base on his person. When the presentence report (PSR) attributed the sum of these two amounts of cocaine base to Mr. Garrett for sentencing purposes, he objected to the inclusion of the cocaine base found on the table. He stated, although somewhat obliquely, that the other occupants of the apartment were also drug dealers and that the 2.5 grams belonged to one of them. Since the PSR (or, rather, an addendum to it) stated that Mr. Garrett was the only person in the apartment dealing drugs, and since the district court attributed the disputed 2.5 grams to Mr. Garrett based on "all of the evidence contained in the [PSR]," it appears that the district court may have decided that the 2.5 grams were Mr. Garrett's based partly on a controverted fact, namely, that Mr. Garrett was the only drug dealer occupying the apartment.

■ We have held repeatedly that a district court may not rely on facts contained in a PSR in sentencing a defendant if the defendant contests those facts. *See, e.g., United States v. Randolph*, 101 F.3d 607, 608–09 (8th Cir.1996). It is true that the PSR contained uncontested facts that could have formed a sufficient basis for concluding that Mr. Garrett owned the 2.5 grams. But since the district court relied on "all of the evidence" in the PSR in sentencing Mr. Garrett, we cannot tell whether it would have come to the same conclusion had it not believed that Mr. Garrett was the only drug dealer in the apartment. That being the case, the sentence cannot stand. *Cf. Williams v. United States*, 503 U.S. 193, 202–03, 206, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), and *United States v. Joshua*, 40 F.3d 948, 953 (8th Cir. 1994).

We note that under the applicable local rules, the United States was obligated to move for a hearing if it wanted the district court to rely on its version of contested facts in sentencing Mr. Garrett. *See* Local Rule 83.10(f) (D.Minn.). Having failed to do so, the government has forfeited the right to present evidence on the matter. We direct the district court, therefore, to resentence Mr. Garrett based only on such facts as the present record, including the PSR, reveals are uncontested by the parties.