# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4121

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
        v.      *    District Court for the Western
     *    District of Missouri.
Coauthemoc Munoz, also known as      *
Javier,      *         [UNPUBLISHED]
     *
         Appellant.      *

_____

Submitted: June 2, 1999

Filed: June 9, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Coauthemoc Munoz, a citizen of the Republic of Mexico, appeals following the district court's[1] imposition of sentence upon his guilty plea to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). At sentencing, Mr. Munoz requested a 2-level downward departure from the applicable Guidelines range under U.S. Sentencing Guidelines Manual § 5K2.0 (1998), based on

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

his consent to an administrative deportation and his agreement not to appeal the deportation order. The court denied Mr. Munoz's request and sentenced him at the bottom of the range to 151 months imprisonment and 5 years supervised release. This appeal followed, in which Mr. Munoz challenges the district court's refusal to depart.

We conclude that the district court's remarks at sentencing clearly evince recognition of its authority to depart under section 5K2.0, and that the court simply declined to exercise its discretion in this case. See United States v. Hernandez-Reyes, 114 F.3d 800, 802 (8th Cir. 1997) (when district court correctly understands it has authority to depart on particular basis from applicable Guidelines range, and makes discretionary decision not to do so, decision is unreviewable on appeal absent unconstitutional motive). Mr. Munoz contends that his sentence is reviewable because the court sentenced him mechanically, in violation of his constitutional rights. The sentencing transcript belies this argument. The court adopted the presentence report's (PSR's) uncontested findings; refrained from imposing a fine, citing Mr. Munoz's financial circumstances; sentenced him at the bottom of the Guidelines range; and made clear that his case was unlike those in which the court had granted departure, particularly in that he had illegally reentered the country and had violated the law, after being deported following a prior robbery conviction. Thus, we conclude that the district court's decision is unreviewable. See id. at 802-03.

Mr. Munoz also argues that the district court improperly relied on the PSR in denying his motion for departure. This argument fails. In making its ruling, the court relied on the PSR's uncontested findings that Mr. Munoz was previously convicted of armed robbery and had been deported; the court stated at the beginning of the hearing that it would not consider those matters to which Mr. Munoz had lodged objections. See United States v. Garrett, 161 F.3d 1131, 1132 (8th Cir. 1998).

Accordingly, we affirm.

-2-

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.