IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-41370
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CANDIDO TREVINO-BANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-98-CR-405-1)
_____

July 8, 1999

Before KING, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Candido Trevino-Banda pled guilty to attempting to illegally enter the country after having been previously deported, a violation of 8 U.S.C. § 1326, and was sentenced to sixty-three months' imprisonment. Trevino-Banda appeals, arguing that the district court erroneously enhanced his sentence based on his prior conviction for indecency with a child. We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On July 4, 1998, Candido Trevino-Banda attempted to enter the United States by claiming that he was a United States citizen. Trevino-Banda is not a United States citizen, however, and he had previously been deported from the United States on four separate occasions. As a result, Trevino-Banda was arrested and pled guilty to violating 8 U.S.C. § 1326 by attempting to illegally enter the United States after being previously deported.

The Presentence Investigation Report (PSR) found that Trevino-Banda's base offense level was eight, see U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (1997), and reduced that level by three because Trevino-Banda accepted responsibility. The probation office also increased Trevino-Banda's offense level by sixteen levels based on its finding that he had a "prior aggravated felony conviction . . . and was deported subsequent to said conviction." See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A) (1997). Specifically, the probation office determined that a Texas court convicted Trevino-Banda in 1989 of "indecency with a child"[1] and sentenced him to "10 years imprisonment suspended for 10 years probation." Finally, the PSR states that Trevino-Banda's plea agreement included a recommendation by the government for a two-level reduction because of his early plea of guilty. Based on a criminal history category of VI, Trevino-

_____

[1] According to the PSR, the indictment "indicates the defendant 'unlawfully with the intent to arouse and gratify the sexual desire of the defendant, engaged in sexual contact by touching with his hands the breasts of a child younger than 17 years of age and not the spouse of the defendant.'"

Banda's total offense level of nineteen produced a guidelines sentencing range of sixty-three to seventy-eight months.

Trevino-Banda objected to the PSR's sixteen-level adjustment for conviction of an aggravated felony, arguing that his prior conviction for indecency with a minor is not an "aggravated felony" under § 2L1.2(b)(1)(A).[2]. The government argued to the district court that Trevino-Banda's conviction may be enhanced using the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(A) because his prior conviction was for indecency with a minor. The district court did not address this argument, however, and neither party mentions it on appeal.[3] Trevino-Banda contended that the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F) "does not indicate whether the term of imprisonment of at least one year must have been 'served' or 'imposed' or just possible," and that Congress "actually intended to eliminate convictions involving suspended sentences or straight probation sentences from the meaning of the definition of aggravated felony" when it amended 8 U.S.C. § 1101(a)(43) by

---

[2] The application notes to § 2L1.2 state that "'[a]ggravated felony,' is defined at 8 U.S.C. § 1101(a)(43)." Under § 1101(a)(43),

> The term "aggravated felony" means–
> (A)  murder, rape, or sexual abuse of a minor;

 [or]
>         . . .
> (F)  a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year;
>         . . . .

enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546.[4]

The probation office and the government responded to Trevino-Banda's objection by asserting that Trevino-Banda was "mixing the subsections of 8 U.S.C. § 1101" because, under § 1101(a)(43)(A), the term "aggravated felony" includes "murder, rape, or sexual abuse of a minor" and makes no reference to the punishment that was imposed or could have been imposed. Trevino-Banda responded by arguing to the district court that "[t]he definition of aggravated felony . . . does not seem to include indecency with a child, except as it would be defined as a crime of violence . . . requir[ing] a term of imprisonment of at least one year," but the court overruled his objection and sentenced him to sixty-three months' imprisonment. Trevino-Banda timely appeals.

### III. DISCUSSION

Trevino-Banda argues on appeal that the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43)(F) is vague and ambiguous, and that any ambiguity in the statute should be resolved in his favor. Trevino-Banda faults the statute for failing to state "whether a suspended sentence or a sentence of

---

[4] Prior to its amendment in 1996, 8 U.S.C. § 1101(a)(43)(F) defined the term "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18; but not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of imprisonment) is at least 5 years." 8 U.S.C. § 1101(a)(43)(F) (1995) (amended 1996).

4

probation is included in its definition of 'term of imprisonment,'" and argues that the "typographical error that omits the verb between 'term of imprisonment' and 'at least one year' renders section 1101(a)(43)(F) vague and ambiguous." Trevino-Banda argues that Congress "did not have any difficulty" in distinguishing sentences actually imposed elsewhere in 8 U.S.C. § 1101(a), and that the "rule of lenity" requires that this court construe 8 U.S.C. § 1101(a)(43)(F) in his favor.

"This court's review of a sentence imposed under the Sentencing Guidelines is limited to 'a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the Sentencing Guidelines, or was outside of the applicable guideline range and was unreasonable.'" United States v. Hinojosa-Lopez, 130 F.3d 691, 693 (5th Cir. 1997) (quoting United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991)). Although we will reverse the district court's factual findings if they are clearly erroneous, we review a claim that the district court erred in applying the sixteen-level increase in § 2L1.2(b)(1)(A) instead of § 2L1.2(b)(1)(B)[5] de novo. See id. (citing United States v. Reyna-Espinosa, 117 F.3d 826, 828 (5th Cir. 1997)). Finally, we note that we can affirm Trevino-Banda's sentence on any ground supported by the record.

---

[5] Under § 2L1.2(b)(1)(B), the offense level of a defendant previously deported after a criminal conviction for any felony other than an aggravated felony or for three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses is increased by four levels. See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(B) (1997).

See United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995); accord United States v. Varela, 138 F.3d 1242, 1244 (8th Cir. 1998) ("It is, however, well established that we may affirm a sentence on any grounds supported by the record."); United States v. Carmack, 100 F.3d 1271, 1276 (7th Cir. 1996).

We have recently rejected Trevino-Banda's proposition that 8 U.S.C. § 1101(a)(43)(F) is impermissibly vague. See United States v. Banda-Zamora, No. 98-40903, 1999 U.S. App. LEXIS 13239, at *1-*5 (5th Cir. June 16, 1999). We therefore conclude that the district court was correct in determining that Trevino-Banda had been convicted of an aggravated felony and properly enhanced his sentence under § 2L1.2.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Candido Trevino-Banda's sentence.