# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1324

_____

United States of America,                     *
                                              *
                    Appellee,                 *     Appeal from the United States
                                              *     District Court for the District
          v.                                  *     of Nebraska.
                                              *
Pedro Pagan, also known as Cieto,             *          [UNPUBLISHED]
                                              *
                    Appellant.                *

_____

Submitted:  November 5, 1999

Filed:    November 12, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Pedro Pagan appeals the sentence imposed by the district court after Pagan pleaded guilty to one count of possessing with intent to distribute cocaine base. On appeal, Pagan challenges the district court's assessment of a two-level increase for possession of a firearm and the denial of a mitigating-role reduction.

Having carefully reviewed the record, we conclude the district court did not commit clear error in assessing the firearm enhancement. A loaded handgun was either directly beneath Pagan or beside him on the bed at the time of his arrest, he possessed

sixteen baggies of cocaine base, and cocaine base was found in the closet of the bedroom in which he was arrested.   See U.S. Sentencing Guidelines Manual § 2D1(b)(1) (1998); United States v. Moore, 184 F.3d 790, 794-95 (8th Cir. 1999); United States v. Howard, 169 F.3d 1127, 1130-31 (8th Cir. 1999); United States v. Garrett, 161 F.3d 1131, 1131-32 (8th Cir. 1998).

We also conclude the district court did not commit clear error in denying Pagan a minor or minimal participant role reduction.  Pagan participated in the conspiracy for four to six weeks, transferred cocaine base on multiple occasions, was "holding" a large rock of cocaine base for "the head guy in New York," and sixteen baggies of cocaine base and a substantial sum of money were removed from Pagan's clothing at the time of his arrest.  See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir.), cert. denied, 119 S. Ct. 604 (1998); United States v. Jones, 145 F.3d 959, 963 (8th Cir.), cert. denied, 119 S. Ct. 457 (1998); United States v. Harris, 974 F.2d 84, 86 (8th Cir. 1992).

Having considered and rejected Pagan's contentions, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.