# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1940

_____

United States of America,

    Appellee,

    v.

Kenneth Goings,

    Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of South Dakota.

_____

Submitted: October 19, 1999

Filed: January 4, 2000

_____

Before WOLLMAN, Chief Judge, HEANEY and LOKEN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Kenneth Goings appeals the sentence imposed pursuant to his plea of guilty to involuntary manslaughter, challenging the district court's[1] decision increasing his criminal history category, departing upward for injuries arising out of his offense of involuntary manslaughter, and denying his request for a downward adjustment for acceptance of responsibility. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

# I.

Goings was indicted pursuant to 18 U.S.C. §§ 1112 and 1153 for involuntary manslaughter after he lost control of his vehicle in Indian country, killing one passenger and injuring himself and two others. At the time of the accident, he had a blood-alcohol level well above the legal limit and was racing another vehicle on a narrow road. Goings turned himself in, pleaded not guilty, and was released for enrollment in an alcohol treatment program, which he did not complete.[2] Following his subsequent arrest for violation of release conditions, Goings pled guilty and was sentenced to 41 months' imprisonment. He now appeals this sentence.

# II.
## A.

We turn first to the two upward departures. We review sentencing departures under a unitary abuse-of-discretion standard. See Koon v. United States, 518 U.S. 81, 96-100 (1996); United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997). Although this standard is "unitary," it is also nuanced: while acknowledging that departure questions are fact-intensive, Koon recognized that appellate courts owe no deference to district courts concerning issues such as mathematical errors in applying the guidelines or consideration of factors that the guidelines classify as irrelevant. See Koon, 518 U.S. at 98 (mathematical errors), 100 ("The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.").

---

[2]The presentence report indicated that Goings was expelled from the program and included details concerning the circumstances underlying his expulsion. However, Goings objected to much of this evidence, and because he has not had an opportunity to explain his objections in court, we will not treat the information as part of the record on appeal. See United States v. Garrett, 161 F.3d 1131, 1132 (8th Cir. 1998) (district court may not rely on objected-to PSR evidence in absence of a hearing).

-2-

**1.**

Goings contends that the district court improperly shifted his criminal history category from III to category IV. We disagree. The sentencing guidelines permit courts to increase a defendant's criminal history category where "reliable information indicates" that the presumptive category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." See U.S.S.G. § 4A1.3 (policy statement); United States v. Drapeau, 110 F.3d 618, 620 (8th Cir. 1997); Washington, 109 F.3d at 462. In determining whether departure is warranted in a particular case, district courts may consider the similarity of past offenses to the instant offense and may reasonably conclude that there exists a heightened need for deterrence or that leniency has not been effective. See United States v. Estrada, 965 F.2d 651, 653-54 (8th Cir. 1992); United States v. Lang, 898 F.2d 1378, 1380 (8th Cir. 1990). It is also permissible for district courts to take into account any "evidence of obvious incorrigibility," including ongoing behavior patterns observed subsequent to the instant indictment. See United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992).

The district court based its decision to increase Goings's criminal history category on the likelihood that Goings would commit other crimes in light of the similarity of past offenses to the instant offense. Before his indictment for involuntary manslaughter, Goings had been convicted of various crimes on seven previous occasions.[3] Because each of these prior convictions resulted in less than 60 days' imprisonment, Goings's presumptive criminal history category was III, based on a total

---

[3]Goings's presentence report indicated that he was convicted of the following offenses: petty theft (3/91); driving under the influence (DUI) (1/92, 12/92, and 12/94); possession of marijuana and/or use or possession of drug paraphernalia (2/92 and 6/93); possession of a controlled substance (12/93); and theft from a building (3/95). The presentence report treated Goings's 1995 conviction for theft from a building and his 1994 DUI conviction as one offense because they arose out of the same incident.

of four criminal history points for all seven offenses. See U.S.S.G. § 4A1.1(c) (imposing a four-point "cap" for all past offenses resulting in less than 60 days' imprisonment). Six of these seven prior offenses involved drugs or alcohol, indicating a serious, longstanding substance abuse problem that Goings had failed to address. Finding that this circumstance was sufficiently unusual to warrant departure, the district court moved Goings up to category IV based on a total of seven criminal history points (one for each prior offense). We conclude that the district court did not abuse its discretion in doing so. Because of the similarity between Goings's past offenses and the current offense and the chronic nature of his substance abuse, the district court was justified in concluding that the "capped" criminal history did not adequately reflect the likelihood of reoffense. See U.S.S.G. § 4A1.3 (policy statement).

**2.**

Goings next challenges the district court's decision to depart upward two offense levels for each injured passenger. The revised presentence report (PSR) reveals that two passengers, in addition to Goings and the person who was killed, were ejected from the vehicle. One of them, Duane Brewer, suffered cracked vertebrae, required stitches, and was hospitalized for three days. The other, Frank Goings, is referred to simply as one of "two injured males" found at the accident scene. The report indicates that Frank Goings was not hospitalized.[4]

The sentencing guidelines contemplate departures based on "significant physical injury" to others resulting from the offense. See U.S.S.G. § 5K2.2 (policy statement). Section 5K2.2 also recommends that courts calibrate such departures to the seriousness

---

[4]We construe Goings's argument as challenging only the upward departure for injuries to Frank Goings. In reference to Duane Brewer's injuries, Goings conceded that "[r]easonable minds could disagree as to whether cracked vertebrae constitute significant bodily injury." See Appellant's Br. at 18.

of the injury: "If the injury is less serious . . . a less substantial departure would be indicated." Id. Goings points out that the district court appears not to have followed this recommendation in the current case: despite the difference in severity between Duane Brewer's injuries and Frank Goings's injuries, the district court departed upward the same amount – two offense levels – for each.

We do not find the two-level departure for injuries to Frank Goings to constitute reversible error. The provision regarding significant physical injury is not a guideline but a policy statement. See U.S.S.G. § 5K2.2. Policy statements are binding only if they interpret a guideline or prohibit district courts from taking a specified action. See United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993) (citing Stinson v. United States, 508 U.S. 36, 42 (1993)). Because section 5K2.2 does neither, district courts may choose not to follow its recommendations provided the decision to do so does not otherwise constitute an abuse of discretion. The district court did not abuse its discretion in this case, for the PSR's description of Frank Goings as an "injured male" who was "ejected" from the vehicle was sufficient to support the two-level upward departure for his injuries.

**B.**

Goings contends that the district court erred by denying his request for a downward adjustment based on acceptance of responsibility. We disagree, for we find that the district court's decision not to grant the reduction was not clearly erroneous.

As an initial matter, the government notes that Goings's written plea agreement contained a waiver of the right to appeal this issue. Generally, we do not consider issues that a defendant knowingly and voluntarily waived in a plea agreement. See United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). Goings responds by contending that the government breached its agreement to recommend a downward adjustment for

acceptance of responsibility "unless there is significant evidence disclosed in the presentence investigation to the contrary." At the time the government entered into this agreement it was already aware that Goings had not completed the alcohol treatment program, and the government does not now claim that the PSR disclosed any significant new evidence regarding acceptance of responsibility. Nonetheless, at sentencing the government did not recommend the reduction. We do not agree with the government's argument that the district court did not give it an opportunity to be heard on the acceptance issue, for after announcing its factual findings the district court asked both the prosecutor and defense counsel if they wished to make any response to the findings, to which the prosecutor replied, "None by the government." We believe that the government was obligated to call the court's attention to the fact that it had not yet heard the government's position with respect to the matter of acceptance of responsibility. This the government failed to do.

Where it is clear that the government violated the terms of a plea bargain, the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance. See Santobello v. New York, 404 U.S. 257, 262-63 (1971); United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). Goings asks that we remand for specific performance of the plea agreement, which is generally the preferred remedy where breach has occurred. See Margalli-Olvera v. INS, 43 F.3d 345, 354-55 (8th Cir. 1994). "It is, however, well established that we may affirm a sentence on any grounds supported by the record," United States v. Varela, 138 F.3d 1242, 1244 (8th Cir. 1998) (citation omitted), and accordingly we proceed to the merits of the district court's decision not to award the downward adjustment.

We believe that remanding this case would constitute an exercise in futility. The district court was not bound by the terms of the plea agreement. See Jones v. Petrovsky, 631 F.2d 595, 597 (8th Cir. 1980). Moreover, a defendant is not automatically entitled to a reduction for acceptance of responsibility on the basis of having entered a guilty plea. See United States v. Wivell, 893 F.2d 156, 158-59 (8th

Cir. 1990). Instead, the burden of proof falls upon the defendant to demonstrate that he has accepted responsibility for his actions. See United States v. Makes Room, 49 F.3d 410, 416 (8th Cir. 1995). We review a decision not to adjust downward for clear error. See United States v. Hawkins, 78 F.3d 348, 352 (8th Cir. 1996). Acceptance of responsibility is a question of fact, and we will not reverse the district court on this issue unless its conclusions are "without foundation." See United States v. Allen, 886 F.2d 143, 146 (8th Cir. 1989); Comment to U.S.S.G. § 3E1.1(5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

It is clear that the government's failure to make an oral recommendation at sentencing had little if any effect on the court's decision to deny the reduction. The court was aware of the terms of the plea bargain, and at sentencing Goings's counsel reminded the court that the government had agreed that his client should receive a reduction for acceptance of responsibility. See Sent. Tr. at 10. The court had also read the PSR, and the government possessed no new information beyond what the court already knew.

We believe that the district court's conclusion that Goings had not demonstrated acceptance of responsibility was well warranted by the facts of this case. The sentencing guidelines explicitly encourage district courts to consider the defendant's prompt and voluntary surrender to authorities and post-offense rehabilitative efforts in determining whether the defendant has demonstrated acceptance of responsibility. See Comment to U.S.S.G. § 3E1.1(1). Because Goings's crime of involuntary manslaughter involved intoxication, his failure to complete the alcohol treatment program amounted to evidence that he did not yet appreciate the gravity of his criminal conduct. Moreover, Goings's premature exit from the program constituted the violation of a court order and served as grounds for the termination of his conditional release, leading to his subsequent rearrest. Given these circumstances, the district court's decision not

to grant the downward adjustment was not "without foundation." <u>See</u> <u>Allen</u>, 886 F.2d at 146. In so holding, however, we do not mean to say that failure to complete an alcohol treatment program will necessarily preclude a reduction for acceptance of responsibility in every case, for there may be situations in which such a failure may be excusable in light of the circumstances giving rise to the noncompletion of the program.

Finally, the sentence imposed represented the bottom end of the range for offense level 18 (41-51 months), which coincided with the top end of the range for offense level 16 (33-41 months). <u>See</u> U.S.S.G. § 5A (sentencing table). In announcing its intention to depart upward, the district court stated its intention to impose a sentence at the low end of the guideline range for offense level 18, so it is clear beyond doubt that it would have imposed the same sentence had it granted a two-level reduction for acceptance of responsibility. Thus, any error resulting from the government's failure to speak up at sentencing was harmless. <u>See, e.g.</u>, <u>United States v. Torres-Diaz</u>, 60 F.3d 445, 449 (8th Cir. 1995); <u>United States v. Simkins</u>, 953 F.2d 443, 446 (8th Cir. 1992).

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.