# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2266

———————

United States of America,         *
         *
           Appellee,         *
         *   Appeal from the United States
     v.                 *   District Court for the
         *   District of Minnesota.
Genaro Alberto Nunez, also known   *
as Monkey,                 *   [UNPUBLISHED]
           Appellant.       *

———————

Submitted: December 19, 2008
Filed: January 8, 2009

———————

Before MURPHY, BYE, and BENTON, Circuit Judges.

———————

PER CURIAM.

       Genaro Alberto Nunez pled guilty to several drug counts. In sentencing him, the district court[1] determined that Nunez was responsible for 310 pounds of marijuana seized from a car driven by a co-defendant. Nunez argues on appeal, as he did below, that he was responsible for only a portion of the 310 pounds, because the additional marijuana was not possessed in furtherance of a jointly undertaken criminal activity and was not reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B) (relevant

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

conduct for case involving "jointly undertaken criminal activity" includes all reasonably foreseeable acts of others in furtherance of criminal activity).

Foreseeability aside, we hold that Nunez was responsible for the additional marijuana under U.S.S.G. § 1B1.3(a)(1)(A) (relevant conduct includes all acts "committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused" by defendant), because he pled guilty to aiding and abetting his co-defendant's possession of marijuana with intent to distribute. *See* U.S.S.G. § 1B1.3, comment. (n.2) (requirement of reasonable foreseeability does not apply to conduct that defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes; such conduct is addressed under subsection (a)(1)(A)); *United States v. Goings*, 200 F.3d 539, 544 (8th Cir. 2000) (this court may affirm sentence on any grounds supported by record); *cf. United States v. Strange*, 102 F.3d 356, 358-61 (8th Cir. 1996) (holding that defendant who arranged for marijuana to be shipped from supplier to third party was responsible for quantity of cocaine shipped even though he was unaware that cocaine had been sent; under § 1B1.3(a)(1)(A), and without regard to reasonable foreseeability, defendant was accountable at sentencing for full quantity of all illegal drugs because he aided, abetted, and willfully caused shipment with expectation of receiving some type of illegal drug to distribute).

Accordingly, the district court's judgment is affirmed.

_____