**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4757**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JESUS PEREZ-LAGUNA, a/k/a Manuel,

              Defendant - Appellant.

———————

**No. 08-4758**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JESUS PEREZ-LAGUNA, a/k/a Manuel,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge. (3:07-cr-00468-JFA-1; 3:07-cr-01162-JFA-1)

———————

Submitted: October 22, 2009      Decided: December 16, 2009

———————

Before NIEMEYER, KING, and AGEE, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Robert Sneed, ROB SNEED LAW FIRM, LLC, Greenville, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina; Loretta King, Acting Assistant Attorney General, Dennis J. Dimsey, Conor B. Dugan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Jesus Perez-Laguna was convicted of conspiracy to commit an offense against the United States, sex-trafficking a minor for private financial gain, interstate transport of a minor with intent to engage in prostitution, importing and harboring an alien for the purpose of prostitution, and recruiting a minor to engage in a commercial sex act, in violation of 18 U.S.C.A. §§ 2, 371, 1591, 1594(a), 2423(a) (West 2000 & Supp. 2009), and 8 U.S.C.A. § 1328 (2006). The district court sentenced Laguna to 170 months' imprisonment.

Perez-Laguna's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that no meritorious issues for appeal exist, but questioning whether the Government breached the plea agreement. Perez-Laguna asserted in his pro se supplemental brief that the Government and the U.S. Probation Office breached his plea agreement and the district court incorrectly determined his offense level when calculating his Sentencing Guidelines range. He asks for a new sentencing hearing. We previously denied the Government's motion to dismiss and now consider the merits of the appeal.

The government breaches a plea agreement if a promise that induced the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). A criminal defendant who asserts the

3

government breached a plea agreement bears the burden of proving such a breach by a preponderance of the evidence. <u>United States v. Snow</u>, 234 F.3d 187, 189 (4th Cir. 2000).

This court reviews the interpretation of plea agreements de novo. <u>United States v. Jordan</u>, 509 F.3d 191, 195 (4th Cir. 2007). Interpretation of plea agreements is guided by contract law "to ensure that each party receives the benefit of the bargain." <u>Id.</u> Due to the constitutional implications of a guilty plea, this court holds "'the Government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements.'" <u>Id.</u> at 196 (quoting <u>United States v. Harvey</u>, 791 F.2d 294, 300 (4th Cir. 1986)). In other words, courts should interpret ambiguities in the agreement in the defendant's favor. <u>Harvey</u>, 791 F.2d at 303. Courts should apply the plain language of the agreement and "'not write the contracts of the parties retroactively.'" <u>Jordan</u>, 509 F.3d at 195 (quoting <u>United States v. Race</u>, 632 F.2d 1114, 1119 (4th Cir. 1980)).

Perez-Laguna argues here, as he did below, that the disputed provision of the plea agreement unambiguously requires the Government to move for an additional third level of reduction if he qualified for the two-level reduction in <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1(a) (2006). When the district court applied the decrease under § 3E1.1(a), it

necessarily found that Perez-Laguna qualified for that decrease, triggering the Government's duty to move for the additional decrease permitted by § 3E1.1(b). The Government argues that the plea agreement required it to move for a third level of reduction only if Perez-Laguna "readily" demonstrated acceptance of responsibility, and that one can interpret the contract another way only by taking its terms out of context. The Government asserts that Perez-Laguna did not qualify for *any* decrease under § 3E1.1(a) because he did not "readily demonstrate[] acceptance of responsibility for his offenses," but the Government nonetheless "refrained from arguing against the two-level reduction out of generosity." The Government's argument is thus grounded in the difference in terminology between the plea agreement's requirement that Perez-Laguna "readily" demonstrate acceptance of responsibility and the Guidelines' standard that the district court may reduce a defendant's offense level if he "clearly" demonstrates such acceptance. See USSG § 3E1.1.

The Government's argument confirms that the disputed provision is, at best, ambiguous. The parties' statements during the sentencing hearing indicate that they had conflicting understandings of the provision. Under the plea bargaining principles stated above, the provision must be construed in the

5

defendant's favor.[*]  Thus, we conclude the Government breached the plea agreement when it failed to move for a third level of reduction for acceptance of responsibility.  See United States v. Cachucha, 484 F.3d 1266, 1270 (10th Cir. 2007) (holding that the government breached the agreement to recommend a certain Guidelines range apply when it argued that the applicable range was "way too low"); Dunn v. Colleran, 247 F.3d 450, 459-64 (3d Cir. 2001) (finding the government breached plea agreement by requesting a "lengthy" and "considerable" term of incarceration rather than a sentence between three and five years as agreed, even though the defendant refused to accept responsibility for his actions); United States v. Goings, 200 F.3d 539, 544 (8th Cir. 2000) (holding the government breached the plea agreement by not affirmatively recommending a downward adjustment for acceptance of responsibility).

Where the government breaches its plea agreement obligations regarding sentencing, the remedy may be either specific performance of the agreement or the opportunity for the defendant to withdraw the guilty plea.  Santobello, 404 U.S. at

---

[*] "This does not mean that in a proper case it might not be possible to establish by extrinsic evidence that the parties to an ambiguously worded plea agreement actually had agreed--or mutually manifested their assent to--an interpretation as urged by the Government."  United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986).

263. When remand for resentencing is appropriate, a different judge should ordinarily be assigned. Id. (emphasizing "that this is in no sense to question the fairness of the sentencing judge").

Perez-Laguna argues in his pro se brief that the district court and U.S. Probation Office breached his plea agreement by applying USSG § 2A3.1 to determine his offense level, the Government breached the plea agreement by not objecting to the presentence report's application of USSG § 2A3.1, and the district court incorrectly applied USSG § 2A3.1 to determine his offense level. We have reviewed the record and find these contentions lacking in merit.

Perez-Laguna has not sought to withdraw his plea and requests remand of his case for resentencing. Accordingly, we affirm the convictions, vacate the sentence, and remand for resentencing before a different judge. In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART